UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ROBERT GARVESON

           Plaintiff,

   - against -

PUSHPIN HOLDINGS, LLC
           Defendant.
-----------------------------------------------------------------X

VERIFIED COMPLAINT

CV 12-4248

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 24 2012 ★
LONG ISLAND OFFICE

SUMMONS ISSUED

WEXLER, J.
LINDSAY, M

      Plaintiffs, by and through their attorney, Paul J. Hooten & Associates, PLLC, as and for their complaint against the Defendant, PUSHPIN HOLDINGS, LLC, allege as follows:

## INTRODUCTION

1. This is an action for damages brought by two individual consumers for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff seeks actual damages, statutory damages, punitive damages, costs and attorney's fees pursuant to FDCPA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as the acts and transactions that give rise to this action occurred in substantial part in this district and it is the district in which Plaintiffs reside and Defendants transact business.

## PARTIES

3. Plaintiff, Robert Garveson, is a natural person residing in Suffolk County, New York and

is a "consumer" as defined in FDCPA 15 U.S.C. §1692a(3).

4. Upon information and belief, Defendant, PUSHPIN HOLDINGS, LLC, is a foreign business corporation with its principal executive office located in New York, New York.

5. Upon information and belief, Defendant is a debt collector as defined in FDCPA 15 U.S.C. §1692a(6), doing substantial and material business in Suffolk County, New York.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another.

7. Upon information and belief, on a date better known to the Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

8. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside the State of New York.

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, realleges and reaffirms each allegation had herein.

10. On or about June 21, 2012, Defendant mailed a letter to Plaintiff, the "dunning letter."

11. Said June 21, 2012 letter contains several violations of the Federal Debt Collections Practices Act, hereinafter "FDCPA." A copy of this dunning letter is attached hereto as **Exhibit A.**

12. Plaintiff received this letter from the Defendant.

13. Said letter contained language threatening to take legal action against Plaintiff [15 U.S.C. §1692e(5)].

14. Said letter failed to provide notice to my client that he can request validation of the debt within 30 days as required by 15 U.S.C. §1692g(4).

15. This dunning letter also falsely misrepresented the nature of the debt [15 U.S.C. §1692e(2)].

16. Defendant failed in its letter to provide proof that its office is the true owner of such debt [15 U.S.C. §1692g(5)].

17. The letter also contained the false misrepresentation that Defendant is an attorney by threatening legal action [15 U.S.C. §1692e(3)(5)].

18. The letter also only provided ten (10) days to pay this alleged debt without obtaining any verification of the debt [15 U.S.C. §1692g(4)].

19. The letter also stated that Defendant has notified credit bureaus of this alleged outstanding account [15 U.S.C. §1692e(8)(10)].

20. The Defendant also used an electronic signature to sign the letter [15 U.S.C. §1692e ].

21. The letter also failed to disclose that this is an attempt to collect a debt [15 U.S.C. §1692e(11)].

## PRACTICES OF DEFENDANT AND LEGAL ALLEGATIONS

22. Plaintiffs repeat, reallege and reaffirm each allegation had herein.

23. It is or was the policy and practice of the Defendant to send collection letters in the form of Exhibit A to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to informing consumer as to the name of the creditor to whom a debt was alleged owed as required under 15 U.S.C. §1692g(a)(2).

24. Said letter violates the Plaintiff's rights in that it assumes the validity of the debt.

25. Upon information and belief, said letters are computer generated by the Defendant and

disregard the 30 day dispute period provided to the consumer by law as provided by 15 U.S.C. §1692g(a)(3). Said letter is persisting with deceptive language, false statements and threats of legal action that cannot legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

26. Said letter also does not contain any proof that Defendant has any right to collect the debt and that Defendant is the true owner of the account.

27. Said letter contained language threatening to take legal action against Plaintiff in violation of 15 U.S.C. §1692e(5).

28. Said letter failed to provide notice to my client that he can request validation of the debt within 30 days as required by 15 U.S.C. §1692g(4).

29. This dunning letter also falsely misrepresented the nature of the debt in violation of 15 U.S.C. §1692e(2).

30. Defendant failed in its letter to provide proof that its office is the true owner of such debt in violation of 15 U.S.C. §1692g(5).

31. The letter also contained the false misrepresentation that Defendant is an attorney by threatening legal action in violation of 15 U.S.C. §1692e(3)(5).

32. The letter also only provided ten (10) days to pay this alleged debt without obtaining any verification of the debt in violation of 15 U.S.C. §1692g(4).

33. The letter also stated that Defendant has notified credit bureaus of this alleged outstanding account in violation of 15 U.S.C. §1692e(8)(10).

34. The Defendant also used an electronic signature to sign the letter in violation of 15 U.S.C. §1692e .

35. The letter also failed to disclose that this is an attempt to collect a debt in violation of 15 U.S.C. §1692e(11).

36. To the extent that the Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt such communications also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

37. That as per 15 U.S.C. §1692 et seq. and as a result of the above violations, Defendant is liable to Plaintiff for actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) for each Plaintiff herein.

**WHEREFORE**, Plaintiff, Robert Garveson, request that judgment be entered in their favor against Defendant Pushpin Holdings, LLC for:

a. Declaratory judgment that the above-described conduct of Defendant violated the Fair Debt Collection Practices Act;

b. Statutory damages pursuant to 15 U.S.C. §1692k in the amount to be determined at the time of trial for each violation;

c. Actual damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial for each violation;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

e. Actual damages pursuant to New York State Code Article 22-A Section 349(h); and

f. Such other and further relief as the Court may deem just and equitable.

Dated: Mount Sinai, New York
       August 21, 2012

Yours, etc.,

**PAUL J. HOOTEN, ESQ. & ASSOCIATES**

By: _____
    Paul J. Hooten, Esq.
    5505 Nesconset Highway, #203
    Mount Sinai, NY 11766
    Attorney for Plaintiff

TO:   Pushpin Holdings, LLC
       1 Penn Plaza
       New York NY 10119

VERIFICATION

STATE OF NEW YORK   )
                    )  : ss
COUNTY OF SUFFOLK   )

ROBERT GARVESON, being duly sworn, deposes and says:

      I am the Plaintiff in the captioned action. I have read the foregoing Verified Complaint and know the contents thereof. That the same is true and correct to the best of my knowledge and as to any such matters alleged upon information and belief, deponent believes same to be true.

                                                      ROBERT GARVESON

Sworn to before me this 21
day of August, 2012.

_____
Notary Public

Lorraine Dwyer
Notary Public, State of New York
01DW6044794
Qualified in Suffolk County
Commission Expires July 10, 2014

**Exhibit A**

1 Penn Plaza
PO Box 6255
New York, NY 10119

**PUSHPIN HOLDINGS LLC**

---

June 21, 2012

TAG REMODELING INC
ROBERT  GARVESOM
136 JUNIPER AVE
SMITHTOWN NY 11787-3444

Re: **Equipment Lease Agreement**
    Lease Number: **1304129** (lease number with Lease Finance Group: **001-0563330-000**)
    Outstanding Balance: **$664.35**

## NOTICE OF ACQUISITION AND DEMAND FOR PAYMENT

Dear Robert  Garvesom,

Please take notice that PUSHPIN HOLDINGS LLC (PUSHPIN) has recently acquired all of the rights, title and interest to certain commercial equipment finance lease agreements and personal guarantees thereupon originally held by LEASE FINANCE GROUP. Additionally, the above-referenced commercial equipment finance lease was included in the purchase.

Due to your continued delinquency and failure to pay the outstanding balance listed above, your account has been referred to my department to **initiate a civil action against you** as allowed under the personal guaranty in your lease agreement. Accordingly, demand is hereby made for payment in full.

Please be advised that **your delinquency has been reported to the credit bureaus as a chargeoff or collection account by LEASE FINANCE GROUP** and is reflected on your credit report. Once your outstanding balance is paid in full, we will notify the credit bureaus that the outstanding balance has been paid.

Please send your payment in the amount of **$664.35** to the address stated below **within ten (10) days from the date of this letter**. Please write your lease number on your check or money order. Payment can also be made via CREDIT CARD, DEBIT CARD, CHECK BY PHONE, WESTERN UNION or overnight delivery using our FEDERAL EXPRESS service. Please contact me to use any of the payment methods mentioned above.

I may be reached at (888) 271-4480. Please govern yourselves accordingly.

Sincerely yours,

Vanessa Pardo
Account Manager
Legal Collections Department

---

1 Penn Plaza Box# 6255
New York, New York 10119

Monday- Friday
8:30am – 5:30pm EST.

51L-B-3